AO245B  (Rev. 12/03) Judgment in a Criminal Case

Judgment - Page 1

United States District Court
Southern District of Illinois

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| vs. | Case Number: **04-40045-PMF-04** |

**WILLIAM R. EDMISTON,**
        Defendant.

Defendant's Attorney: Judith A. Kuenneke, AFPD

**THE DEFENDANT:**

FILED
JAN 13 2005
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
BENTON OFFICE

☒ pleaded guilty to counts(s) 2 and 3 of the Indictment
☐ pleaded nolo contendere to count(s)        which was accepted by the court.
☐ was found guilty on counts(s)        after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 50 C.F.R. § 20.25 | Failure to Retrieve and Retain Killed or Crippled Migratory Game Birds | 9/1/2003 | 2 |
| 50 C.F.R. § 20.24 | Taking in Excess of the Daily Bag Limit of Migratory Game Birds | 9/1/2003 | 3 |

        The defendant is sentenced as provided in pages 2 through 5 of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) ___ .

☒ Count(s) 4    ☒ is ☐ are dismissed on the motion of the United States.

        It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and Unites States attorney of material changes in economic circumstances.

Defendant's Sec. Sec. No.: _

Defendant's Date of Birth:

Defendant's USM No.:   06344-025

Defendant's Residence Address:
 338 N. 18th Street
 Decatur, IL 62521

Defendant's Mailing Address:
338 N. 18th Street
Decatur, IL 62521

January 6, 2005
Date of Imposition of Judgment

Signature of Judicial Officer

Philip M. Frazier, United States Magistrate Judge
Name and Title of Judicial Officer

1-13-05
Date

AO245B   (Rev. 12/03) Judgment in a Criminal Case

| | | |
|---|---|---|
| DEFENDANT: | William R. Edmiston | Judgment - Page 2 |
| CASE NUMBER: | 04-40045-PMF-04 | |

## PROBATION

The defendant is hereby sentenced to probation for a term of: fifteen (15) months, on Counts 2 and 3, to run concurrently.


The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☒   The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☒   The defendant shall not possess a firearm, destructive device, or any other dangerous weapon. (Check, if applicable.)

☐   The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐   The defendant shall register with the sate sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐   The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record, or personal history or characters and shall permit the probation officer to make such notifications and the confirm the defendant's compliance with such notification requirement.

AO245B   (Rev. 12/03) Judgment in a Criminal Case

| | | |
|---|---|---|
| DEFENDANT: | William R. Edmiston | Judgment - Page 3 |
| CASE NUMBER: | 04-40045-PMF-04 | |

## ADDITIONAL PROBATION TERMS

14)   the defendant shall not consume any alcohol while on probation.

15)   the defendant shall submit to any alcohol evaluation and treatment as may be deemed necessary by the Probation Office, including urinalysis.

16)   the defendant shall pay for the costs associated with substance abuse counseling and/or testing on a co-pay sliding fee scale as directed and approved by the Probation Office, which shall never exceed the total costs of counseling,

17)   the defendant shall submit any financial information as requested by the Probation Office.

18)   the defendant shall not incur any new credit charges or open any additional lines of credit.

19)   the defendant shall not possess firearms during the term of probation and dispose of any firearms in his possession by not later than Noon, January 7, 2005; provide the Probation Office with a list of those firearms, serial number, and name and address of the person who will be in possession of them.

20)   the defendant shall transfer the seized firearm to his father-in-law, the registered owner of the firearm, within twenty-four (24) hours of it being released to the defendant.

21)   the defendant shall submit to any search of his residence or vehicle by the Probation Office.

AO245B   (Rev. 12/03) Judgment in a Criminal Case

| | | |
|---|---|---|
| DEFENDANT: | William R. Edmiston | Judgment - Page 4 |
| CASE NUMBER: | 04-40045-PMF-04 | |

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| Count 2 | $ 10.00 | $   750.00 | $ n/a |
| Count 3 | $ 10.00 | $   750.00 | $ n/a |
| **TOTALS** | $ 20.00 | $  1,500.00 | |

☐     The determination of restitution is deferred until          . An *Amended Judgment in a Criminal Case* (AO245C) will be entered after such determination.

☐     The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order of percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss\*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| | | | |
| **TOTALS** | $ | $ | |

☐     Restitution amount ordered pursuant to plea agreement $

☐     The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☒     The court determined that the defendant does not have the ability to pay interest and it is ordered that:
☒ the interest requirement is waived for the ☒ fine   ☐ restitution.
☐ the interest requirement for the ☐  fine   ☐ restitution is modified as follows:

\*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO245B   (Rev. 12/03) Judgment in a Criminal Case

| | |
|---|---|
| DEFENDANT:     William R. Edmiston | Judgment - Page 5 |
| CASE NUMBER:    04-40045-PMF-04 | |

### SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A.   ☐    Lump sum payment of $        Due immediately, balance due
            ☐    not later than        , or
            ☐    in accordance ☐ C,    ☐   D,    ☐   E, or   ☐   F below; or

B.   ■    Payment to begin immediately (may be combined with    ☐ C,    ☐ D,   or    ☐ F below); or

C.   ☒    Payment in equal monthly installments of $100.00 over a period of fifteen (15) months   to commence thirty (30) days after the date of this judgment; or

D.   ☐    Payment in equal        installment of $         over a period of      , to commence
            (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E.   ☐    Payments are due immediately, through the Clerk of the Court, but may be paid from prison earnings in compliance with the Inmate Financial Responsibility Program. Any Financial penalties that remain unpaid at the commencement of th term of supervised release shall be paid at the rate of $     per month,    % of defendants monthly gross earnings, whichever is greater.

F.   ☐    Special instructions regarding the payment of criminal monetary penalties:


Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.


☐    Joint and Several
      Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amoutn, Joint and Several Amount, and corresponding payee, if appropriate.


☐    The defendant shall pay the cost of prosecution.

■    The defendant shall pay the following court cost(s):

■    The defendant shall forfeit the defendant's interest in the following property to the United States:


Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.